UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:10 CR 109 |
| | ) | |
| **EMILIANO ESPARZA** | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Emiliano Esparza's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 1572.) For the reasons that follow, the motion will be denied.

I.     **BACKGROUND**

In October 2013, following his guilty plea, Esparza was sentenced to a 264-month term of imprisonment, and a five-year term of supervised release, for conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d), and conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and one thousand kilograms or more of marijuana, in violation of 21 U.S.C. § 846. (DE # 1071.) Esparza is currently incarcerated at FCI Butner Medium I, in Butner, North Carolina. Esparza is 49 years old and has a projected release date of August 12, 2030. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 9, 2021).

Esparza has filed a *pro se* motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 1572.) Esparza argues in his motion that he suffers from obesity, has a hyper-thyroid condition, and has a family history of heart

disease, hypertension, and high cholesterol. (*Id.* at 2.) Esparza argues that his medical conditions, as well as the conditions of his incarceration, place him at an increased risk of contracting, and falling seriously ill from, a second bout of COVID-19. (*Id.* at 2-4, 8.) He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison.

Pursuant to this court's General Order 2020-11, the undersigned referred Esparza's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Esparza may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 1575.) The FCD filed a status report stating that, after reviewing the defendant's motion, the FCD determined that it will be unable to assist Esparza. (DE # 1577.) The Government opposes Esparza's motion (DE # 1581), and he has filed a reply. (DE # 1595.) This matter is fully briefed and is ripe for ruling.

II.     **ANALYSIS**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any

2

applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

1.  **Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Esparza claims that he exhausted his administrative remedies, and the Government does not make any argument to the contrary. Exhaustion is an affirmative defense, and the Government loses the benefit of the defense if it fails to properly invoke it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Because the Government has not asserted this affirmative defense, the court will proceed to consider the merits of Esparza's request.

2.  **Extraordinary and Compelling Reasons**

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing

Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Esparza argues that his medical conditions place him at an increased risk of serious illness, were he to contract COVID-19 for a second time. The CDC reports that

having obesity may increase a person's risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 9, 2021).

While his medical condition may place him at an increased risk of severe illness were he to contract COVID-19, Esparza's risk of contracting the virus appears very low. Esparza contracted COVID-19 in April 2020. (DE # 1582-2 at 6.) Furthermore, he received his second dose of the Pfizer vaccine on March 11, 2021. (DE # 1582-3 at 41.) Moreover, the BOP appears to have controlled the spread of the virus at Esparza's prison. There are currently zero cases of COVID-19 among the inmates or staff. *Id.* Given these factors, Esparza's risk of re-infection appears remote.

The Seventh Circuit recently noted that the BOP offers COVID-19 vaccination to all federal prisoners. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021) (citing *COVID-19 Vaccine Guidance* (Mar. 11, 2021)). Accordingly, the court held, a prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.; United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). The combination of defendant's particular health conditions, the low risk of COVID-19 at defendant's particular institution, and the availability of vaccinations lead the court to conclude that extraordinary and compelling

5

reasons do not exist to justify early release or home confinement in this case. Accordingly, defendant's motion will be denied.

### III.     CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 1572).

**SO ORDERED.**

Date: December 10, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT