UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:10 CR 109 |
| ) | |
| EMILIANO ESPARZA ) | |

### OPINION and ORDER

This matter is before the court on defendant Emiliano Esparza's *pro se* motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), based on amendments made to the United States Sentencing Guidelines ("Guidelines"). (DE # 1805.) For the reasons that follow, the motion is denied.

In October of 2013, Esparza was sentenced to a below-Guidelines term of 264 months' imprisonment for conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d), and conspiracy to possess with intent to distribute five kilograms or more of cocaine and one thousand kilograms or more of marijuana in violation of 21 U.S.C. § 846. (DE # 1071.)

Esparza claims that the combined effect of several different changes to the Guidelines now entitles him to a reduction in sentence. He first points to Amendment 821, in which the United States Sentencing Commission changed how a defendant's criminal history is calculated for sentencing. Part A of Amendment 821 amended § 4A1.1 of the Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not

receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Esparza claims that he received two status points because he was on probation at the time he committed the offenses in this case, and therefore under Part A of Amendment 821 his criminal history score is reduced by one point, to a total criminal history score of 8. (DE # 1805 at 2.) Esparza is correct that this would be the effect of Amendment 821 in his case; however, a criminal history score of 8 still results in a criminal history category of IV – his original criminal history category. Thus, Amendment 821 would not, by itself, reduce Esparza's sentencing range.

Esparza then argues that under Amendment 782, his offense level should decrease from 43 to 41. Esparza previously moved for a reduction in sentence under Amendment 782, and that motion was denied on the basis that, while Amendment 782 reduced his base offense level for Count 2, his total offense level remained 43. (DE # 1359.) Esparza now argues that Amendment 782, in combination with Amendment 821 and "Amendment 4A1.2", would lower his sentencing range. (DE # 1805 at 3.) Esparza has failed to establish that the cumulative effect of these amendments would be a decrease in his sentencing range. As discussed above, Amendment 821 does not change his original criminal history category, which remains Category IV. Esparza's argument regarding "Amendment 4A1.2" is unclear; he has not

2

pointed to any retroactively applicable Guideline amendment, but rather a Guideline provision. Yet, even if Esparza is correct and he is entitled to a two-point reduction in criminal history points pursuant to § 4A1.2, a total of 6 criminal history points results in a criminal history category of III. Because his base offense level remains 43 (even after Amendment 782), his advisory Guideline range of Life is unchanged.

The court may only "reduce" a defendant's sentence—that is, the court can act only where "the guideline range applicable to that defendant has subsequently been lowered." USSG § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2). A reduction is not authorized under § 3582(c)(2) if the guideline amendment did not have the effect of lowering the defendant's applicable guideline range. USSG § 1B1.10(a)(2). Accordingly, because Amendment 821 does not have any effect on Esparza' sentence, he is not entitled to relief under § 3582(c)(2).

For these reasons, defendant's motion for a reduction in sentence (DE # 1805) is summarily **DENIED**.

**SO ORDERED.**

Date: December 12, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT